DAN M. LEE, Justice,
for the Court:
This is an appeal from the Circuit Court of Tallahatchie County wherein the appellant, Audley Jackie Downs, Jr., was found guilty of receiving stolen property. Downs was sentenced to four (4) years in the custody of the Mississippi Department of Corrections and also ordered to pay a fine of $250. From that conviction and sentence *784 he brings this appeal and assigns as error the trial judge’s refusal to allow witness Donald Dutton to testify.
The facts surrounding the crime of which Downs was convicted are not relevant for purposes of this appeal; however, for purposes of clarity they will be briefly set forth. It appears from the testimony of the State’s witnesses that Downs solicited Stoner Pam, Jr. to steal a thirty gallon drum of Treflan herbicide from Pam’s employer. Along with his brother, Carl Pam, Stoner Pam broke into a tool shed owned by his employer, Jim Wilbourn, and took a thirty gallon drum of Treflan. The Pams then took the drum to Eddie Martin’s house and left it there for the appellant Downs. According to Stoner Pam he was subsequently paid $200 for the drum. Testimony revealed that the drum of Treflan was worth in excess of $900.
Following the State’s case in chief, the defense attempted to put on testimony of Donald Dutton. Apparently Dutton was to testify that Stoner Pam told him that Downs had nothing to do with the theft of the Treflan. As Dutton began to testify, the district attorney objected to his being called as a witness. The basis of the objection was that Dutton had not been listed as a defense witness pursuant to the rules of discovery and in particular, Rule 4.06 of the Uniform Criminal Rules of Circuit Court Practice. In response, Downs’ attorney told the trial court that the reason Dutton’s name had not been produced for the State was that Dutton had not come to his office until that morning, the morning of the trial. The defense attorney stated that prior to that morning he had no knowledge of Dutton’s existence nor the facts to which he was going to testify. Therefore, he argued that he could not have produced Dutton any sooner. The trial judge then referred to Rule 4.06 and stated that in his opinion the rule left the matter to his discretion. He then ruled that Dutton had come forth too late and that it would not be proper to allow him to testify as the State had not been provided his name under the rules of discovery.
At two subsequent points in the record the court explained its ruling. Following the close of the taking of evidence and the conference regarding the granting of the instructions, the court made a statement into the record which explained why the court file in this case does not reflect the occurrence of any discovery. The learned judge stated:
Being that this indictment was just handed down on March 7th; however, at a prior term of court, the defendant was indicted in cause No. 2580, which was the same charge arising out of the same transaction, that the court has previously sustained a demurrer in 2580 thus resulting in the new indictment, 2588. The discovery that the court makes reference to in its ruling in this cause, 2588, will be reflected by the court file in cause No. 2580.
The trial judge further expounded on his ruling and the basis for his exclusion of Dutton’s testimony following Downs’ motion for a new trial. The court stated that Cause No. 2580 and Cause No. 2588 “are exactly the same charge with the exception of the indictment in 2580 which did not allege ownership of the property stolen.” The court held that the discovery conducted in Cause No. 2580 was sufficient to invoke the requirement of Rule 4.06 which obligates the defendant to reciprocably supply the name of his witnesses if he requests the same from the State. The court stated:
I don’t think its any question on the part of either side as to who the witnesses would be for both the state and the defendant based on discovery conducted in 2580.
At the heart of this appeal lies the question of whether the discovery conducted under one indictment can be said to have “spilled over” to a trial on a second indictment on the same charge where a demurrer to the first indictment was properly sustained.
Neither side has been able to cite authority to support the proposition that the discovery under the first indictment does not *785 spill over to the second indictment. In fact, our research on this subject has also provided us with little guidance; however, common sense and notions of fair play guide us in our decision.
Once an indictment has been successfully demurred to because of its failure to sufficiently charge the accused of a crime, it has no effect. Discovery proceedings instituted under such an indictment are of no use under a subsequent indictment. Should a second indictment which does sufficiently allege the material allegations of the crime then follow, the judicial process has begun anew. Although it may charge the same crime, the second indictment is distinct from the first and proceedings may not be relied upon at trial on the second.
Rule 4.06 states in part:
If the defendant requests discovery under this rule, the defendant shall, subject to constitutional limitations, disclose to the prosecutor and permit him to inspect, copy, test and photograph, the following information and material which corresponds to that which the defendant sought and which is in the possession or control of the defendant or his counsel:
(1) Names and addresses of all witnesses in chief proposed to be offered by the defendant at trial;
Rule 4.06 of the Uniform Criminal Rules of Circuit Court Practice.
From an analysis of the above quoted rule, it is clear that the defendant is under no obligation to disclose to the prosecutor the names of his witnesses unless “the defendant requests discovery under this rule.” The defendant’s obligation is obviously reciprocal in nature. If he doesn’t ask for anything, he doesn’t have to give anything.
Because Downs did not request discovery under the second indictment he was not obligated to reveal the names of his witnesses. The State, therefore, had no right to claim surprise. It necessarily follows that the learned circuit judge was in error when he ruled that Dutton was not eligible to testify.
We note that although not raised on this appeal, Instructions S-l and S-2 are suspect in that they may constitute improper comments on the evidence. We therefore recommend serious consideration be given before they are used upon remand should the State chose to retry this cause.
Based on all of the foregoing, we hereby reverse and remand this cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.